```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

JANE BAZEMORE,

    Plaintiff,

v.                            Case No. 8:16-cv-1871-T-33JSS

GRADY JUDD, Polk County Sheriff,
et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendants Grady Judd, Michael Music, and Omar E. Saenz's Motion to Dismiss (Doc. # 17), filed on August 9, 2016. Plaintiff Jane Bazemore filed a response in opposition on August 23, 2016. (Doc. # 24). For the reasons below, the Motion is denied.

**I.    Background**

In 2010, Bazemore's son-in-law filed a lawsuit against the County of Lake, alleging embezzlement, money laundering, bid rigging, and housing fraud, which was styled <u>United States of America & Walter Dobruck v. Lake County</u>, No. 5:10-cv-79-OC-32GRJ. (Doc. # 1 at ¶ 12). Thereafter, but fewer than four years from the date this action was filed, Bazemore

"discovered that she and at least four other family members were being stalked and otherwise harassed by law enforcement officers in Central Florida." (Id. at ¶ 13). Bazemore then realized that her and her family members' unlisted telephone numbers and addresses could be accessed by law enforcement through the Driver and Vehicle Information Database (DAVID). (Id.).

DAVID is a system whereby the Department of Highway Safety and Motor Vehicles (DHSMV) and the Florida Department of Law Enforcement make certain information available to law enforcement. (Id. at ¶ 11). In this case, that information included "records pertaining to motor vehicle operators' permits, motor vehicle titles, motor vehicle registration, color photograph or image, Social Security number, date of birth, state of birth, detailed registration information and description, prior and current home and mailing addresses, [and] emergency contacts and those contacts['] private and highly-restricted personal information." (Id. at ¶¶ 10-11).

Sometime in 2015, Bazemore contacted the DHSMV to check if anyone was viewing her private information and, if so, whom. (Id. at ¶ 13). In response, DHSMV provided Bazemore with "reports of Defendants accessing and obtaining her private and restricted information from the DAVID system

2

without permission reasons." (Id.). "[I]n accessing Plaintiff's information . . ., the individual Defendants did so – at least in part – with the intent to further their respective employers['] interests in such ways as protecting [them] from public opprobrium, wreaking vengeance on the extended Dobruck family . . ., or increasing the overall morale of the employers' employees." (Id. at ¶ 16). Furthermore, "the individual Defendants were authorized to use their respective employers' premises and computers to access the DAVID system . . ., and the individual Defendants utilized their respective employers' facilities and their employment status during their respective work hours to access Plaintiff's information on DAVID." (Id. at ¶ 15). However, "[n]one of the Defendants' accessing of Plaintiff's personal DAVID information . . . fell within the DPPA's permitted exceptions," and "[a]t no time did Plaintiff provide her consent for any of the Defendants to obtain, disclose or use her private information for anything but legitimate law enforcement business." (Id. at ¶¶ 14, 17).

Bazemore then brought suit against Judd, the City of Winter Haven, Beckham (an employee of Winter Haven), Music (an employee of the Sheriff's Office), Saenz (an employee of the Sheriff's Office), and Lindsey Schell (an employee of the

3

Sheriff's Office) on June 27, 2016. Beckham, Music, Saenz, and Schell are being sued in their individual capacities, whereas Judd is being sued in his official capacity. The one-count Complaint alleges each Defendant violated the Driver's Privacy Protection Act, 18 U.S.C. § 2721, et seq., and seeks compensatory damages, punitive damages against the individual defendants, and attorney's fees and costs.

Judd, Music, and Saenz now move the Court to dismiss the Complaint pursuant to Rule 12(b)(6). (Doc. # 17). The remaining Defendants have not yet appeared as of the date of this Order, nor is there an indication in the record that service has been effected as to Winter Haven, Beckham, and Schell. Bazemore has filed her response and the Motion is ripe.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) (stating "[o]n a motion to dismiss, the facts

stated in [the] complaint and all reasonable inferences therefrom are taken as true"). However:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. Analysis

"Concerned that personal information collected by States in the licensing of motor vehicle drivers was being released—even sold—with resulting loss of privacy for many persons, Congress provided federal statutory protection. It enacted the Driver's Privacy Protection Act of 1994, referred to here as the DPPA." Maracich v. Spears, 133 S.Ct. 2191, 2195 (2013) (citation omitted). "The DPPA creates a private right of action against persons who knowingly obtain, disclose or use

5

personal information, from a motor vehicle record, for a purpose not permitted under the DPPA. 18 U.S.C. § 2724." McCrae v. Broward Sheriff's Office, No. 15-61927-CIV-ZLOCH/HUNT, 2016 WL 1055093, at *3 (S.D. Fla. Mar. 15, 2016). "In a straightforward fashion, section 2724(a) sets forth three elements giving rise to liability, i.e., that a defendant (1) knowingly obtained, disclosed or used personal information, (2) from a motor vehicle record, (3) for a purpose not permitted." Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, and Stevens, P.A., 525 F.3d 1107, 1111 (11th Cir. 2008).

Judd, Music, and Saenz first argue that Bazemore has failed to state a claim under the DPPA. However, upon review, the Court finds the Complaint sufficiently alleges facts to state a plausible claim to relief. The Complaint alleges Bazemore's information was made available by the DHSMV and the Florida Department of Law Enforcement to the named Defendants through DAVID; that the individual Defendants accessed her information in their course of employment; that the individual Defendants used their employer's facilities and equipment to access DAVID; and that the Defendants did not have a permitted reason to access her information through DAVID. These allegations are sufficient to withstand the

6

present Motion. See Santarlas v. Minner, No. 5:15-cv-103-Oc-30PRL, 2015 WL 3852981, at *3-4 (M.D. Fla. June 22, 2015) (denying motion to dismiss in DPPA case where plaintiff alleged individual defendants, acting in the scope of their employment, accessed plaintiff's information through DAVID when they did not have a legitimate law enforcement purpose or other permitted purpose). Furthermore, although the Complaint does not allege the specific dates Bazemore's information was accessed, that is not fatal given the other allegations. See Watts v. City of Port St. Lucie, Fla., No. 2:15-cv-14192-ROSENBERG/LYNCH, 2016 WL 633716, at *3 (S.D. Fla. Feb. 17, 2016) ("The failure to allege the dates does not, alone, render the claims implausible under *Twombly*, given the other factual allegations in the First Amended Complaint").

Judd, Music, and Saenz next argue that the Complaint fails to sufficiently allege a vicarious-liability claim against Judd. "[T]he DPPA implicitly recognizes a *respondeat superior* theory of liability . . . . [And,] federal courts nationwide have adopted" the reasoning of Margan v. Niles, 250 F. Supp. 2d 63, 72-75 (N.D.N.Y. 2003). Watts v. City of Hollywood, Fla., 15-61123-CIV-ALTONAGA/O'Sullivan, 2015 WL 7736532, at *9 (S.D. Fla. Nov. 17, 2015) (citation omitted).

7

"An employee's conduct is considered to be within the scope of employment if it (1) is of the kind he or she is employed to perform, (2) occurs substantially within the authorized time and space limits of the workplace, and (3) is actuated, at least in part, by a purpose to serve the employer." Santarlas v. Minner, No. 5:15-cv-103-Oc-30PRL, 2015 WL 5896243, at *2 (M.D. Fla. Oct. 7, 2015) (citation omitted).

Judd, Music, and Saenz focus on the third prong and, while they correctly note that "[t]he mere fact that the individual defendants had access to DAVID through their employment . . . is insufficient to establish that the conduct was actuated by a purpose to serve the employer," see (Doc. # 17 at 11 (quoting Santarlas, 2015 WL 5896243, at *2-3)), the argument ignores other relevant allegations. The Complaint, in addition to alleging the individual Defendants had access to DAVID through their employment, also alleges that the individual Defendants accessed Bazemore's information on DAVID "at least in part . . . with the intent to further their respective employers['] interests in such ways as protecting [them] from public opprobrium . . ., or increasing the overall moral of the employers' employees." (Doc. # 1 at ¶ 16). Accordingly, the allegations are sufficient to survive the Motion. See Watts v. City of

8

Hollywood, Fla., No. 15-61123-CIV-ALTONAGA/O'Sullivan, at *4-6 (S.D. Fla. Jan. 11, 2016) (unpublished), available at (Doc. # 26-2).

Judd, Music, and Saenz further argue that the Complaint fails to allege sufficient facts to support punitive damages. In furtherance of their argument, Judd, Music, and Saenz cite English v. Parker, No. 6:09-cv-1914-Orl-31GJK, 2011 WL 1842890, at *5 (M.D. Fla. May 16, 2011). However, English was decided at the summary judgment stage. In contrast, this case is currently in its preliminary stages and the Complaint need only state a plausible claim to relief. As stated above, the Court finds the Complaint to plausibly state such a claim to relief. While Bazemore may require more evidence in light of English at the summary stage, the Complaint is sufficient for present purposes.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Grady Judd, Michael Music, and Omar E. Saenz's Motion to Dismiss (Doc. # 17) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of September, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE